**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

COASTAL FAMILY CHURCH, JERALD
W TILTON, MARIA A TILTON and
VALERIE A PALMER,

             Plaintiffs,

v.                                                      Case No.: 3:26-cv-652-WWB-LLL

THE CIRCUIT COURT OF THE 7TH
JUDICIAL CIRCUIT IN AND FOR
FLAGLER COUNTY, FLORIDA,

             Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 2). Therein, Plaintiffs seek to enjoin Defendant from enforcing a state-court injunction, (*see* Doc. 1-9), prohibiting Roderick James Palmer from utilizing a condominium in Flagler Beach, Florida, as a place of public assembly. (*Id.* at 3; Doc. 1 at 36–37; Doc. 2 at 6, 37–38). Plaintiffs have been operating Coastal Family Church out of the condominium and allege that the state-court injunction violates their First and Fourteenth Amendment rights. (*See generally* Doc. 1). They seek to vindicate those rights by way of 42 U.S.C. § 1983. (*Id.*).

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must

establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, the moving party must present facts and evidence stating why "notice is impractical." M.D. Fla. R. 6.01(b)(2).

Plaintiffs have failed to establish a substantial likelihood of success on their § 1983 claims. To state a claim under § 1983, plaintiffs must name as a defendant a "person" subject to suit. *See Graham v. Twentieth Jud. Cir.*, No. 2:24-cv-834, 2024 WL 4839172, at *3 (M.D. Fla. Nov. 20, 2024). A state court is not a "person" subject to § 1983 liability. *Id.* (collecting cases); *Ward v. Okaloosa Cnty. Ct. Sys.*, No. 3:20cv5776, 2021 WL 2366948, at *2 (N.D. Fla. Apr. 26, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 2366094 (N.D. Fla. June 9, 2021).

It is doubtful that Defendant is even a legal entity with the capacity to be sued.[1] *Cf. Ward*, 2021 WL 2366948, at *2 ("There is no such legal entity as the Okaloosa County Court System."). Nonetheless, state courts are creatures of the state and, assuming they have the capacity to be sued, they are undoubtedly clothed in sovereign immunity. *See Kaimowitz v. The Fla. Bar*, 835 F. Supp. 619, 621 (M.D. Fla. 1992) ("[Sovereign immunity] prohibits actions against state courts . . . ."), *aff'd*, 996 F.2d 1151 (11th Cir. 1993). "[A]s the Constitution's structure, its history, and the authoritative interpretations by th[e Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the

---

[1] A government entity's capacity to be sued in federal court is governed by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). On a preliminary review, the undersigned has located no Florida law that specifically addresses the issue.

sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . ." *Alden v. Maine*, 527 U.S. 706, 713 (1999). "Title V of the Florida Constitution, entitled 'Judicial Branch,' provides in § 25.382, 'State Courts System,' that (1) As used in this section, 'state courts system' means all officers, employees, and divisions of the Supreme Court, district courts of appeal, *circuit courts*, and county courts." *Bounds v. 16th Jud. Cir. Ct. of Fla.*, No. 21-10066-CIV, 2021 WL 3190876, at *2 (S.D. Fla. July 28, 2021) (quoting *Driessen v. 11th Jud. Cir. Ct. in & for Dade Cnty., Fla. Juv. Div.*, 522 F. App'x 797, 798 (11th Cir. 2013)). Hence, the Circuit Court for the Seventh Judicial Circuit "is part of the state court system, [and] it is entitled to sovereign immunity" to the extent it is a legal entity at all. *Driessen*, 522 F. App'x at 798; *see also Pressley v. First Jud. Cir. in & for Escambia Cnty. Fla.*, No. 3:25cv23, 2025 WL 1427446, at *1 (N.D. Fla. Apr. 16, 2025), *report and recommendation adopted*, 2025 WL 1490045 (N.D. Fla. May 16, 2025). "[W]here an arm of the state is entitled to sovereign immunity, a district court may dismiss without prejudice a § 1983 action for lack of subject matter jurisdiction." *Hatcher v. Ala. Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 783 (11th Cir. 2018) (citing *Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016)).

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 2) is **DENIED**. It is further **ORDERED** that the Verified Complaint (Doc. 1) is **DISMISSED without prejudice**. To the extent that Plaintiffs can name a proper defendant in this action, they may file an amended complaint **on or before April 6, 2026**.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2026.

3

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4